UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENT BOWEN and KATHLEEN DARNELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORSCHE CARS, N.A., INC.<br><br>Defendant. | CIVIL ACTION NO:<br>1:21-CV-471-MHC |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion") of the above-captioned case between Plaintiffs Kent Bowen and Kathleen Darnell (together, the "Class Plaintiffs") and Defendant Porsche Cars, N.A., Inc. ("Porsche" or "Defendant") (the "Action") as set forth in the Parties' Settlement Agreement (the "Agreement," which memorializes the "Settlement") [Doc. 71-2].

Having duly considered the filings made in connection with the Motion, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Class Plaintiffs,

all Settlement Class Members, and Defendant for purposes of considering and effectuating this Settlement. The Court also preliminarily finds that each member of the proposed Settlement Class has standing to seek relief. Under the Settlement Class definition provided in the Agreement, each Settlement Class member owned or leased a vehicle that received the allegedly trespassory software update. As the Court previously held, Plaintiffs have adequately alleged that the update constituted a trespass to personalty, as well as a violation of the Computer Fraud and Abuse Act., 18 U.S.C. § 1030, sufficient to withstand dismissal on the pleadings under Fed. R. Civ. P. 12(b)(6). *See* Doc. 36 at 6-26. Each Settlement Class member has therefore sufficiently alleged that he or she has suffered an injury that is concrete, particularized, and directly analogous to an injury that historically existed at common law. In addition, under the Settlement, Settlement Class Members will not receive compensation absent a showing that they incurred an injury in the form of having spent money and/or time resolving PCM 3.1 rebooting. *See Drazen v. Pinto*, 41 F.4th 1354, 1360 (11th Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204-05, 2208 (2021) ("Every class member must have Article III standing in order to recover individual damages.")).

2. Unless otherwise defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

2

3. Defendant does not oppose the Court's entry of the proposed Preliminary Approval Order.

4. This Court has considered all of the presentations and submissions related to the Motion and, having presided over and managed this Action, is familiar with the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

## I. Preliminary Certification of the Settlement Class, Class Representatives, and Class Counsel

5. Pursuant to Rule 23(e)(1)(B)(ii), and for purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class, defined as: "All entities and individuals in the United States who, as of May 20, 2020, owned or leased an Eligible Vehicle." As defined in the Settlement Agreement, an "Eligible Vehicle" is any Porsche vehicle equipped with an XM radio antenna and PCM 3.1. Excluded from the Settlement Class are the following persons: Defendant, any Released Persons, Class Counsel, and the Court, as well as the Court's spouse, and any person within the third degree of relationship to either of them.

6. The Court finds that, for purposes of settlement only, the prerequisites for a class action under Rules 23(a), and (b)(3) of the Federal Rules of Civil

Procedure have likely been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Settlement Class Members; (e) the questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court notes that the fact that it is being asked to certify a settlement class, rather than a litigation class, eliminates any manageability concerns that might otherwise arise in connection with a trial of Plaintiffs' claims. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems ….).

7. This Court finds that the following counsel are experienced and adequate for purposes of these settlement approval proceedings and appoints them as Class Counsel: Michael A. Caplan and T. Brandon Waddell of Caplan Cobb,

LLC; Matthew R. Wilson, Michael J. Boyle, Jr., and Jared W. Connors of Meyer Wilson Co., LPA; and David Stein of Gibbs Law Group LLP.

## II. Preliminary Approval of the Class Settlement

8. The Court has evaluated the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. As part of that evaluation, the Court notes that the parties reached the Settlement with the assistance of Joseph Loveland of JAMS, who oversaw the parties' negotiations, including at mediations in August 2022 (as to the class-wide relief) and in October 2022 (as to attorneys' fees and costs). Based on the Court's evaluation, the Court finds under Rule 23(e)(1)(B)(i) that it is likely to approve the Settlement in light of the fact that: (A) the class representatives and class counsel have adequately represented the class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing Settlement Class Members' claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) the lack of additional agreements identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other. Moreover, the Court has evaluated the Settlement under the additional

factors for consideration enumerated in *Bennett v. Behring Corp.*, and finds that it is likely to approve the Settlement under the *Bennett* factors as well. *See generally* 737 F.2d 982, 986(11th Cir. 1984).

9. Based on the above findings, the Court finds that it will likely be able to approve the Settlement as fair, reasonable, and adequate, so as to warrant providing notice of the Settlement to the Settlement Class consistent with the notice plan set forth in the Agreement.

10. A Fairness Hearing shall be held before this Court at 10A.M. on June 21, 2023, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, to make a final determination of whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; to determine whether the Settlement Class should be certified; to determine whether a Final Approval Order approving the Settlement should be entered; to determine whether the plan for distribution of claims should be approved; to determine any amount of attorneys' fees and cost-reimbursements that should be awarded to Class Counsel; to hear any objections by Settlement Class Members to the Settlement, claims process, and any award of attorneys' fees

and cost reimbursements to Class Counsel; and to consider such other matters as the Court may deem appropriate. The Fairness Hearing may be continued by order of the Court without further notice to the Settlement Class except that the Parties shall update the settlement website to reflect the date of the hearing. After the Fairness Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement) with respect to the claims being settled.

11.     Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only A.B. Data, Ltd. ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth in the Agreement.

### III. Notice to Class Members

12.     Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating notice under the Settlement Class Notice Program, as set forth in the Motion and the Settlement Agreement, is (i) the best notice practicable under the circumstances; (ii) reasonably calculated to apprise the Settlement Class of their right to object or exclude themselves from the Settlement; and (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice. The Court approves such notice, and hereby directs that such notice be

disseminated no later than 30 days following the entry of this Order, in the manner set forth in the proposed Agreement to Settlement Class Members under Rule 23(e)(1).

13. The Court approves the form of the Notices and Claim Form attached as Exhibits 1 through 4 to the Settlement Agreement. The Court expressly authorizes and instructs the Settlement Administrator to send the Reminder Notice, as provided in Paragraph 19 of the Agreement. The Court also directs that the Settlement Administrator shall permit claims to be completed and submitted online through an electronic claim form.

14. The Settlement Administrator shall send the CAFA Notice required by 28 U.S.C. § 1715 to the appropriate federal and state officials as identified in 28 U.S.C. § 1715(a) within 10 days after the Motion for Preliminary Approval is filed with the Court.

15. The Settlement Administrator will provide to Class Counsel no later than 10 days prior to the Fairness Hearing, a declaration reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order, which will be filed with the Court.

16. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must submit a written request to do so, postmarked no later than the Objection Date and Opt-Out Date of May 19, 2023, which is 30 days before the Final Fairness Hearing. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both an Opt-Out Request and an Objection, the Opt-Out Request will be controlling.

17. To submit an Opt-Out Request, a Settlement Class Member must follow the directions in the Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Date. In the Opt-Out Request, the Settlement Class Member must provide (i) the potential Settlement Class Member's name, address, and Vehicle Identification Number (VIN) and dates of ownership or lease of the potential Settlement Class Member's Eligible Vehicle(s); (ii) an unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and (iii) the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. Requests for exclusion must be exercised individually by the Settlement Class Member and are only effective as to the individual Settlement Class Member requesting exclusion.

18. If a timely and valid Opt-Out Request is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

19. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

20. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written objection with the Court by the Objection Date. In the written objection, the Settlement Class Member must state (i) the name of the case and case number; (ii) the name, address, telephone number, VIN and dates of ownership or lease of the Settlement Class Member's Eligible Vehicle(s); (iii) a statement that the objector has reviewed the Settlement Class definition and understands that he or she is a Settlement Class Member, and has not opted out and does not plan to opt out of the Settlement Class; (iv) the specific reasons why the Settlement Class Member objects to the Proposed Settlement; (v) the name, address, bar number, and telephone number of the objecting Settlement

10

Class Member's counsel, if any, and any such attorney must comply with all applicable rules of the Court; and (vi) whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

21. In addition, an objection must contain the following information if the Settlement Class Member or his or her attorney requests permission to speak at the Fairness Hearing: (i) a detailed statement of the legal and factual basis for each objection; (ii) a list of any and all witnesses the Settlement Class Member may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony; and (iii) a list of any legal authority the Settlement Class Member will present at the Fairness Hearing. Any attorney hired by a Settlement Class Member for purposes of objecting to the Settlement or intervening in this Action must file a notice of appearance with Clerk of Court, and provide the Settlement Administrator with a copy thereof, no later than May 19, 2023, the deadline for submitting objections.

22. Any Settlement Class Member who does not submit a timely objection may, in the discretion of the Court, waive the right to object or to be

heard at the Fairness Hearing and be barred from making any objection to the Proposed Settlement.

23. The Settlement Administrator shall establish a post office box and email address in the name of the Settlement Administrator to be used for receiving Opt-Out Requests, Claim Forms, and any other communications from Settlement Class Members. Only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box and email account, except as otherwise provided in the Settlement Agreement. The Settlement Administrator shall promptly provide copies of all Objections, Opt-Out Requests, motions to intervene, notices of intention to appear, and other communications to Class Counsel and Defendant's counsel.

24. The Settlement Administrator shall also create and maintain the Settlement Website consistent with the terms of Paragraphs 25-27 of the Agreement, including that Class Members shall be permitted to submit Claim Forms to the Settlement Administrator via the Settlement Website. The Settlement Administrator shall make that Website publicly available until 60 days after the end of the Claims Period. The Website may be amended during the course of administering the Settlement as appropriate and as agreed to by both Parties.

25. Class Counsel shall file their Motion for an Award of Attorneys' Fees, Expenses, and Costs at least 21 days prior to the Objection Date.

26. The Settlement Administrator shall provide the final Opt-Out List to Class Counsel and Defendant's Counsel no later than 10 days before the Final Fairness Hearing, along with an affidavit or declaration attesting to its accuracy. Plaintiffs shall file this report with the Court prior to the Final Fairness Hearing.

27. All Settlement Class Members are preliminarily enjoined from: (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitral, or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitral, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; or (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitral, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Notwithstanding the foregoing, this

provision, and any other provision of the Settlement Agreement, does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

28. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

29. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Plaintiffs to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action, and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

30. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission

or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

31. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

32. Accordingly, the following are the deadlines by which certain events must occur:

| Event | Deadline |
|---|---|
| Class notice mailed or emailed (as required by the Settlement Agreement) to individuals on the Class Notice List | **March 27, 2023** (30 days after entry of this Order.) |
| Last day for Class Counsel to file motion seeking final settlement approval and award of attorneys' fees and cost reimbursements | **April 28, 2023** (21 days prior to Opt-Out Date/Objection Date) |

15

| Last day for Settlement Class Members to object or opt out of the Settlement | **May 19, 2023** (30 days prior to the Fairness Hearing) |
|---|---|
| Last day for replies in support of motion for final approval and award of attorneys' fees and cost reimbursements | **June 7, 2023** (14 days prior to the Fairness Hearing) |
| Fairness Hearing | **June 21, 2023** (At least 105 days after entry of Preliminary Approval Order) |

33. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class defined in this Order.

**IT IS SO ORDERED** this 22nd day of February, 2023.

*/s/ Mark H. Cohen*
Hon. Mark Cohen
United States District Court Judge