IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENT BOWEN, Individually and On Behalf of Others Similarly Situated, and KATHLEEN DARNELL,<br><br>Plaintiffs,<br><br>v.<br><br>PORSCHE CARS, N.A., INC.,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-0471-MHC |

**ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT
CLASS AND AWARDING ATTORNEYS' FEES AND EXPENSES**

Between December 2022—January 2023, Plaintiffs and Defendant executed a proposed class action settlement resolving all of Plaintiffs' claims in the above-styled lawsuit. Class Action Settlement Agreement ("Settlement Agreement") [Doc. 71-2].[1] On February 22, 2023, this Court issued an order preliminarily approving the Settlement Agreement and directed that notice issue to the settlement class. Feb. 22, 2023, Order ("Preliminary Approval Order") [Doc. 73].

---

[1] For purposes of this Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

This case is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and for Attorneys' Fees and Costs ("Pls.' Mot. for Final Approval") [Doc. 76]. Defendant does not oppose the Court's entry of the proposed Final Approval Order or Class Counsel's request for fees, costs, and expenses. For the reasons set forth below, and after considering the entire record and the arguments at the Fairness Hearing held on June 21, 2023, the Court hereby issues its Order as follows.

## I.  BACKGROUND

This litigation arises out of issues Plaintiffs were experiencing with the electronic infotainment system that controls satellite radio and navigation in their Porsche vehicles, known as the Porsche Communication Management ("PCM") system. First Amended Class Action Complaint ("Am. Compl.") [Doc. 40] ¶ 1. Specifically, Plaintiffs allege that Porsche vehicles equipped with an XM radio antenna and PCM system received an "update" on or about May 21, 2020, which caused their PCM system to malfunction by, among other things, entering into a near-continuous rebooting cycle, draining the vehicle's battery, and emitting a loud static noise. Id. ¶¶ 2-3, 28.

Plaintiffs filed their Class Action Complaint [Doc. 1] on January 29, 2021, naming Porsche Cars N.A., Inc. ("Porsche") as the sole defendant and alleging

claims for trespass to personalty (Count I), violation of the Computer Fraud And Abuse Act, 18 U.S.C. § 1030 (Count II), negligence (Count III), and unjust enrichment (Count IV). The parties vigorously litigated the issues involved in Plaintiff's claims over a two-year period. Porsche moved to dismiss the complaint [Doc. 14], which Plaintiffs opposed [Doc. 21] and, on September 20, 2021, this Court entered an order granting in part and denying in part the motion to dismiss [Doc. 36], the effect of which was to dismiss Counts III and IV.

Following the Court's order, Plaintiffs filed the Amended Complaint on October 20, 2021, which is the operative complaint in this case, and asserted the two remaining claims for trespass to personalty (Count I) and violation of the Computer Fraud And Abuse Act (Count II). Am. Compl. ¶¶ 71-85. After a considerable period for discovery, the parties mediated the case with the assistance of a respected mediator that eventually resulted in an agreement on the terms and conditions of the Settlement and on attorney's fees and expenses, the latter of which was mediated only after reaching an agreement as to the Class Member settlement. On January 11, 2023, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Settlement [Doc. 71], which this Court granted on February 22. 2023.

3

## II. TERMS OF THE SETTLEMENT

### A. The Settlement Class

The Settlement Class is defined as "all entities and individuals in the United States who, as of May 20, 2020, owned or leased an Eligible Vehicle." Settlement Agreement § II(dd). An "Eligible Vehicle" is defined as "a Porsche vehicle equipped with an XM radio antenna and Porsche Communication (PCM) system 3.1." Id. § II(h). Based upon data received from Defendant, 190,887 potential class members were identified. Decl. of Katherine Rovertoni ("Rovertoni Decl.") (June 6, 2023) [Doc. 79-1] ¶ 4.

### B. Class Relief

Under the terms of the Settlement Agreement, a Class Member will have an opportunity to submit a claim for one of two options: (1) reimbursement for all out-of-pocket expenses incurred for repair to, or replacement of, the Class Member's PCM system (subject to a $7,500.00 limit), or (2) a cash payment of $25.00 or a $50.00 credit at an Authorized Porsche Dealer. Settlement Agreement ¶ 4.

### C. Class Notice

Pursuant to the Court's Preliminary Approval Order, A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), caused the Court-approved Email

4

Notice to be sent to 147,507 potential class members whose email addresses had been verified and caused Court-approved Class Notice postcards to be sent to 43,345 potential class members via U.S. mail. Rovertoni Decl. ¶¶ 6-7. Prior to sending the Court-approved Class Notice postcard to potential class members, A.B. Data cross-referenced the addresses with the United States Postal Service National Change of Address Database. Id. ¶ 6. As of June 6, 2023, 1,912 postcard notices were returned as undeliverable. Id. ¶ 8. A.B. Data located 1,251 updated addresses for those postcards that were returned and promptly re-mailed Court-approved Class Notice postcard to the updated addresses. Id.

On March 31, 2023, A.B. Data established a toll-free telephone number (866-905-8126) to field any questions about the Settlement. Id. ¶ 9. As of June 5, 2023, A.B. Data received 402 calls. Id. A.B. Data also established and has maintained a case-dedicated website (https://porschepcmsettlement.com). Id. ¶ 10. The website provides information concerning the status of this case, contact information for the Settlement Administrator, and downloadable copies of the Class Notice, and other related documents. Id. Additionally, the website contains a claim portal whereby potential claimants may complete and submit a claim online directly through the website. Id. As of June 5, 2023, the website had 46,838 hits. Id.

The deadline to submit objections to the Settlement Agreement was May 19, 2023. See Preliminary Approval Order at 16. To date, no objections have been received by A.B. Data or any of the parties or counsel, and none have been filed with the Court. See Rovertoni Decl. ¶¶ 12-13.

### D. Attorneys' Fees and Litigation Expenses

Class Counsel have applied for an award of $1,975,000.00 in attorneys' fees and $74,388.63 in litigation expenses. Pls.' Mot. for Final Approval at 28-40; Settlement Agreement ¶ 38. The fees requested are less than 25% of the gross value of the Settlement. Pls.' Mot. for Final Approval at 28-31 (citing Decl. of Sam Hewitt, CPA ("Hewitt Decl.") (Apr. 27, 2023) [Doc. 76-2]). These amounts are in accordance with the terms of the Settlement Agreement. For the reasons more fully set forth below, the requests for attorneys' fees and litigation expenses will be approved.

### III. FINAL APPROVAL OF PROPOSED SETTLEMENT

After consideration of the Settlement Agreement, the arguments and authorities presented by the parties, the arguments at the Fairness Hearing on June 21, 2023, and the entire record in this case, the Court reaffirms its findings in the Preliminary Approval Order and finds that Settlement Agreement is fair and reasonable.

"[I]n order to approve a settlement, the district court must find that it 'is fair, adequate and reasonable and is not the product of collusion between the parties.'" Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) (quoting Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977)).  In addition, the United States Court of Appeals for the Eleventh Circuit has directed district courts to consider the following factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Id.

In this case, the Court finds that it is entirely possible that Plaintiffs would not have prevailed on establishing liability on the part of Defendant at trial.  The uncertain likelihood of success also affects the possible range of recovery because, even if Plaintiffs prevailed on liability with respect to one or both claims, they would not be assured of a recovery to the full extent of claimed damages.  This case was complex, expensive, and time-consuming which, when combined with the uncertainty of recovery, meant that the range of possible recovery included amounts far less than those agreed to in the Settlement Agreement.  In addition, even assuming that Plaintiffs succeeded in establishing liability and recovered all

damages sought, the case could have undergone a protracted appellate process with an affirmance of the district court's decision far from certain. Finally, the fact that no Class Member filed any objection to the Settlement Agreement is a strong indicator as to its adequacy. All of the Bennett factors weigh in favor of granting final approval.

The Court also finds that the terms of the Settlement Agreement are fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e)(2). The Class Representatives and Class Counsel have adequately represented the Class. The interests of the Class Representatives are aligned with those of the other members of the Class. The Settlement Agreement was not the product of fraud or collusion but negotiated at an arms-length negotiation with the assistance of an experienced mediator. The relief provided to the class is adequate, taking into account the complexity of the case and the likelihood of a protracted appeal regardless of the Court's decision after trial.

Based on the foregoing, the Court hereby finally **APPROVES** in all respect the Settlement Agreement, and finds that the Settlement Agreement is in all respects fair, reasonable, and adequate, and is in the best interest of the Class Members.

## IV. ATTORNEYS' FEES AND LITIGATION EXPENSES

The Court hereby **GRANTS** to Class Counsel a fee in the amount of $1,975,000.00 in attorneys' fees and $74,388.63 in litigation expenses, which the Court finds to be fully supported by the facts and applicable law.

### A. Attorneys' Fees

The Court finds that the parties' agreement with regard to the payment of fees was not negotiated while they were negotiating the other terms of the Settlement Agreement and that the agreement with regard to the payment of fees and expenses was not the product of collusion or fraud. The requested attorneys' fee is justified under the percentage of the common fund approach adopted by the Eleventh Circuit in Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991). The fee is less than one-fourth of the $10,034,851.00 estimated total value of the monetary relief for the Settlement. Hewitt Decl. ¶ 15.

In approving the requested fee, the Court has carefully considered the factors listed in Camden I, including the time and labor involved; the novelty and difficulty of the questions involved; the skill needed to perform the services properly; the preclusion of other employment; the customary fee; the fact that the fee was entirely contingent on a successful outcome; the time limitations imposed by the circumstances; the amount involved and the results obtained; the

9

experience, reputation and ability of the attorneys; awards in similar cases; the absence of objections by Class Members; the risks undertaken by Class Counsel; the economics involved in prosecuting class actions; and the other relevant circumstances. Camden I, 946 F.2d at 772 n.3, 775. The record shows that all of these factors support the requested fee of $1,975,000.00.

In addition, although a lodestar "cross-check" is not required, it may be used "to ensure that the fee produced by the chosen method is in the ballpark of an appropriate fee." In re Home Depot Inc., 931 F.3d 1065, 1091, n.25 (11th Cir. 2019). The award sought by Plaintiffs in this case results in a multiplier of 1.26 of Class Counsel's lodestar at most,[2] only minimally above a straight hourly rate without accounting for the additional risk of a contingency fee and well within the range of multipliers approved by courts in this circuit.

## B.  Expenses of Litigation

Under Rule 23(h) of the Federal Rules of Civil Procedure, a trial court may award nontaxable costs that are authorized by law or the parties' agreement. FED. R. CIV. P. 23(h). Class Counsel have submitted evidence in support of their request for reimbursement of $74,388.63 in litigation expenses. See Joint Decl. of Class

---

[2] This calculus does not include hours expended by Class Counsel in preparing for and attending the Fairness Hearing on June 21, 2023.

Counsel (Apr. 28, 2023) [Doc. 76-1] ¶ 16. The Court finds that these expenses are reasonable and necessarily incurred on behalf of the Class Members.

## V. DISMISSAL AND FINAL JUDGMENT

Plaintiffs' Motion for Final Approval is hereby **GRANTED**, the Settlement of this case is **APPROVED** as fair, reasonable, and adequate as to the Settlement Class, and the Court orders that the parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendant and Class Members herein, and expressly retains that jurisdiction for purposes of enforcing this Order and the Settlement Agreement. The Court also finds that each member of the proposed Settlement Class has standing to seek relief. Under the Settlement Class definition provided in the Settlement Agreement, each Settlement Class Member owned or leased a vehicle equipped with an XM radio antenna and PCM system 3.1 on May 20, 2020, the date that the allegedly trespassory software update was sent. As the Court previously held, Plaintiffs adequately alleged at the pleadings stage that the update constituted a trespass to personalty, as well as a violation of the Computer Fraud and Abuse Act., 18 U.S.C. § 1030. Each Settlement Class Member has

therefore alleged an injury that is concrete, particularized, and directly analogous to an injury that historically existed at common law.

The Court further finds that Notices of the Settlement Agreement were timely emailed and distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator used commercially reasonable efforts to locate any Class Member whose notice was returned, and re-mailed notices to those Class Members. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided consistent with Federal Rule of Civil Procedure 23 and due process. The Court finds that notice was provided pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, to the appropriate state and federal officials, and that more than ninety (90) days have passed without any comment or objection from any government entity.

The Court further finds that Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court, but no Class Member

submitted an objection. The Court also finds that the settlement distribution methodology, which provides Class Members who have documented losses full or near-full compensation, and other Class Members without documented losses a fixed compensation amount, is reasonable and treats all Class Members equitably to one another.

The parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

Upon the Effective Date, the Settlement Class Members shall have, by operation of this Final Approval Order, fully, finally and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section XIV of the Settlement Agreement.

Plaintiffs, Class Members, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone else claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or received compensation under the Settlement Agreement and regardless of whether they have received actual notice of the Settlement, have conclusively

compromised, settled, discharged, and released all Released Claims against Defendant and the Released Parties and are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any Released Claim against Defendant or any of the Released Parties.

This Final Approval Order, the Final Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as or used as, an admission by or against Defendant or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim, of the existence or amount of damages, or the certifiability of a litigation class.

The claims of Plaintiffs and all Class Members in this case are hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Order, the parties shall bear their own costs and attorneys' fees.

The Court shall retain exclusive and continuing jurisdiction over all Parties, this case, and the Settlement Agreement to resolve any dispute that may arise regarding the Settlement Agreement or in relation to this case, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement. In the

event that Defendant asserts any provision of the Settlement Agreement or this Order as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Class Member or any person actually or purportedly acting on behalf of any Class Member(s), Defendant shall be entitled to seek and obtain a stay of that suit, action, or other proceeding until this Court has determined any issues related to such defense or assertion. Solely for purposes of any such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement.

## VI. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** as follows;

(1) The Court **CERTIFIES** the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e).

(2) The Court **CONFIRMS** the appointment of Michael A. Caplan and T. Brandon Waddell of Caplan Cobb, LLC; Matthew R. Wilson, Michael

15

J. Boyle, Jr., and Jared W. Connors of Meyer Wilson Co., LPA; and David Stein of Gibbs Law Group LLP, as Class Counsel.

(3) The Court finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements, and **GRANTS** Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and for Attorneys' Fees and Costs [Doc. 76].

(4) The Court **APPROVES** the request of Class Counsel for a fee of $1,975,000.00 and $74,388.63 in litigation expenses.

(5) The Court **DISMISSES** this action **WITH PREJUDICE** as to Defendant and the members of the Settlement Class and the Court **ENTERS FINAL JUDGMENT**. The parties and Settlement Administrator are **DIRECTED** to carry out the Settlement Agreement according to its terms.

The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 23rd day of June, 2023.

_____
MARK H. COHEN
United States District Judge

16